**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:01cr31-13**

| | | |
|---|---|---|
| **COREY ANTOINE WILLIAMS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Correct Judgment (#384), which was filed May 20, 2008. Respondent filed its Response (#387) on June 19, 2008. In such motion, petitioner moves to amend the Judgment entered on October 15, 2002, to include a recommendation that he receive credit toward his 140-month sentence for time served in detention in the captioned case, namely, from September 6, 2001, through October 15, 2002.

First, this court lacks jurisdiction to determine such motion. The Attorney General of the United States, not the sentencing court, has the authority to compute the amount of presentence credit awarded to a defendant. United States v. Wilson, 503 U.S. 329, 335 (1992) (district court is not authorized to compute credit at sentencing); 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). Second, as petitioner is housed in a federal facility in South Carolina, any challenges to the computation of a sentence must be brought

under 28 U.S.C. § 2241 in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Judicial review should be sought in the District of South Carolina.

Finally, even if this court had jurisdiction, the motion provides no basis for relief.[1] The time which he contends should be credited towards his federal sentence, i.e., the time he was before this court on a writ of *habeas corpus ad prosecuendum*, is actually time that was credited by the State of North Carolina towards completion of his state sentence. See Government's Exhibit 1. "A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). Writs of habeas corpus ad prosequendum are authorized by 28 U.S.C. § 2241(c)(5). The writ authorizes the United States "to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." Flick v. Blevin, 887 F.2d 778, 781 (7th Cir. 1989). Thus, the prisoner is viewed as "on loan" to the summoning jurisdiction. Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Producing a state prisoner to federal authorities under a wit of habeas corpus ad prosequendum does not relinquish state custody. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991). Therefore, "the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of

---

[1] The court does not intend to reach the merits of the motion; rather, the merits discussion is provided to aid petitioner in understanding controlling law and in the alternative if a reviewing court were to determine that this court had jurisdiction over such motion.

the state obligation." Evans, 159 F.3d at 912. Petitioner was "on loan" to federal authorities for prosecution and sentence in this matter, was returned to the state subsequent to sentencing, and then was released to the Bureau of Prisons to begin serving his federal sentence on January 10, 2003. He received credit on his state sentence for the entire time period from March 21, 2001, through January 10, 2003; therefore, pursuant to 18 U.S.C. 3585(b)(1), he is not entitled to credit on his federal sentence for the time period September 6, 2001, through October 15, 2002, because he has received credit for this time period on his state sentence. Finally, despite petitioner's allegation to the contrary, review of the plea agreement contains no provision providing that the government would not oppose a recommendation that defendant be given credit for the time period September 6, 2001, through October 15, 2002, on his federal sentence.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Correct Judgment (#384) is **DISMISSED** without prejudice for want of jurisdiction.

Signed: April 22, 2011

Max O. Cogburn Jr.
United States District Judge

-3-